UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 6:06-CV-526-KKC

JAMES BAKER, PLAINTIFF,

v.  **MEMORANDUM OPINION & ORDER**

THE HOME DEPOT, ET AL., DEFENDANTS.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Dismiss (Rec. No. 4) filed by the Defendant Mark Kissell and the Motion to Remand (Rec. No. 14) filed by the Plaintiff James Baker. For the following reasons, the Court will GRANT the Motion to Dismiss and DENY the Motion to Remand.

**I.   FACTS.**

Baker filed this action against the Defendants, The Home Depot, U.S.A., Inc., National Waterworks, Inc., and Mark Kissell in Rockcastle Circuit Court alleging breach of contract for unpaid commissions. On November 27, 2006, the Defendants removed the action to this Court. The federal removal statute, 28 U.S.C. § 1441, grants defendants in civil suits the right to remove cases from state courts to federal district courts when the latter would have had original jurisdiction. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). This Court has original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332 (a)(1). In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time the case is commenced and at the time the notice of removal is filed. *Id.*

In his state court Complaint, Plaintiff claims that Defendants owe him unpaid commissions

of $50,000 or more. In a demand letter dated March 31, 2006, Plaintiff alleged he was entitled to $154,800 in unpaid commissions. Accordingly, the Defendants assert that the amount in controversy exceeds $ 75,000. Plaintiff Baker does not dispute that.

Though the Plaintiff Baker and Defendant Kissell are both Kentucky citizens, the Defendants argue that this Court has subject matter jurisdiction over this action because the non-diverse Kissell is fraudulently joined. Kissell further argues that the claim against him should be dismissed.

**II.     FRAUDULENT JOINDER.**

"'When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined.'" *Id.* (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)). It is well established that the burden of proving fraudulent joinder of a non-diverse defendant is on the removing party. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 948-949 (6th Cir. 1994).

"To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). If there is a colorable basis for predicting that a plaintiff may recover against a non-diverse defendant, this Court must remand the action to state court. *Id*. The test is not whether the defendants were added to defeat removal but "whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander*, 13 F.3d at 949 (citation and quotations omitted). All disputed questions of fact and all ambiguities in the controlling state law should be resolved in favor of the plaintiff. *Id*.

In his Complaint, Baker asserts a breach of contract claim for unpaid commissions against the Defendants including Kissell. Under Kentucky law, a person cannot be held liable for breaching a contract to which he is not a party. *Kovacs v. Freeman*, 957 S.W.2d 251, 256 (Ky. 1997)("obligations of a contract are limited to the parties thereto and cannot be imposed on a stranger to the contract"). Plaintiff does not allege that he was either employed by Kissell or that he entered into any contract with Kissell. Instead, he alleges only that Kissell was his immediate supervisor and an employee or agent of the entity with whom he did contract. Because Baker does not allege that he entered into a contract with Kissell, Plaintiff has no colorable claim against Kissell for breach of contract and the Motion to Remand must be DENIED.

### III. MOTION TO DISMISS.

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint should not be dismissed. . . unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cruz v. Beto*, 405 U.S. 319, 322 (1972)(citation omitted). "[T]he factual allegations in the complaint must be regarded as true. The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheid v. Fanny Farms Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983)).

Because Baker does not allege that he entered into any contract with Kissell, Baker's breach of contract claim against Kissell fails as a matter of law. Accordingly, Kissell's Motion to Dismiss must be GRANTED.

### IV. CONCLUSION.

For all the above reasons, the Court hereby ORDERS as follows:

1)     Baker's Motion to Remand (Rec. No. 14) is DENIED;

2)     Kissell's Motion to Dismiss (Rec. No. 4) is GRANTED; and

3)     Kissell is DISMISSED as a party to this action.

This 9th day of March, 2007.

Signed By:
*Karen K. Caldwell*
United States District Judge